IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD H. MEYNCKE,**

    **Plaintiff,**

    v.                                               Civil Action 2:15-cv-3040
                                                        Magistrate Judge Jolson

**GERMAIN CADILLAC OF
COLUMBUS, LLC, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 34) and Defendants' Motion for a Protective Order (Doc. 40). For the reasons set forth below, Plaintiff's Motion to Compel will be DENIED, and Defendants' Motion for a Protective Order will be DENIED as moot.

**I.     BACKGROUND**

Plaintiff filed the Motion to Compel on August 4, 2016, requesting that this Court issue an order compelling Defendants to produce unredacted versions of documents described as "seven copies of a single e-mail string, dated March 10, 2015, prepared by Erin Thistlethwaite, an employee of Germain Motor Company, to Michael Visocky, Jessica Germain, and Kenny Quinn, also Germain Motor Company employees." (Doc. 34 at 2). Plaintiff argues that "[o]n the face of the challenged emails, there is no indication of any kind that they were sent by or to an attorney or that the information in the emails is an exchange between a client and an attorney (which Meyncke cannot analyze because every word in the challenged emails was redacted." (*Id*. at 2–3). Plaintiff also complains that Defendants have failed to produce a privilege log. (*Id.* at 3).

On August 25, 2016, Defendants filed a Combined Brief in Opposition to Plaintiff's Motion and Motion for a Protective Order, arguing that Plaintiff "seeks disclosure of a confidential e-mail message that reflects an attorney-client privileged communication between Defendants' trial attorney, Steven E. Seasly, Esq. and Erin Thistlewaite, Associate Ambassador for Defendant Germain Motor Company, concerning advice Mr. Seasly provided to Ms. Thistlewaite in connection with Plaintiff's termination from employment."  (Doc. 40 at 1). Based on their position that such communications "are at the very heart of what attorney-client privilege is intended to protect," Defendants maintain that the documents were properly redacted. (*Id*.).

On the same day, Defendants also filed a Motion for Leave to File Documents Under Seal, requesting leave to file Exhibits A and G to their Opposition under seal.  (Doc. 42).  The Court denied the Motion on August 29, 2016, but ordered Defendants to submit copies of those documents directly to the Court using its chambers e-mail address.  (*Id*. at 1).  The Court received those documents, including an unredacted version of the e-mail string at issue, on September 2, 2016.  (*See* Doc. 44 (Notice of Compliance)).

Plaintiff filed a Reply Brief on September 6, 2016, again claiming that Defendants have not provided Plaintiff with information necessary to assess the validity of the claimed privilege. (Doc. 45 at 2).  Plaintiff requests that the Court grant the Motion to Compel or, in the alternative, engage in an *in camera* inspection of the redacted documents so that it can rule on the applicability of the attorney-client privilege.  (*Id*. at 5–6).

**II.    DISCUSSION**

Pursuant to Rule 26(b)(1) of the Federal Rule of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case.…" In federal court, federal common law governs questions of privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "[T]he party seeking protection . . . bears the burden of establishing the existence of the attorney client privilege as well as non-waiver of that privilege." *Liang v. AWG Remarketing, Inc.*, No. 2:14-CV-0099, 2015 WL 8958884, at *5 (S.D. Ohio Dec. 16, 2015); *see also In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) ("The burden of establishing the existence of the privilege rests with the person asserting it.").

In this case, the Court has conducted an *in camera* inspection of the unredacted documents at issue. Based upon that *in camera* inspection, the Court agrees with Defendants that the e-mails contain information that is covered by the attorney client privilege. Consequently, the privileged information was properly redacted and Plaintiff's Motion to Compel (Doc. 34) is DENIED. Having determined that attorney client privilege applies, Defendants' Motion for a Protective Order (Doc. 40) is DENIED as moot.

Finally, there appears to be some dispute concerning the production of a privilege log. The parties are ordered to meet and confer on that issue and, if applicable, shall agree upon the exchange privilege logs. If a dispute remains after the parties have thoroughly discussed the issue, they may request a conference with the Court.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Compel is DENIED (Doc. 34), and Defendants' Motion for a Protective Order is DENIED as moot (Doc. 40).

IT IS SO ORDERED.

Date: September 14, 2016        /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE